IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN COUREMBIS
individually and as Executor of the
Estate of Dorothy C. Courembis,

    Plaintiff,

      v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-3281-TWT

ORDER

    This is an action for breach of contract.  It is before the Court on the

Defendant's Motion to Dismiss [Doc. 3].  For the reasons set forth below, the Court

GRANTS the Defendant's Motion to Dismiss.  As a result, the Plaintiff's Motion for

Partial Summary Judgment [Doc. 2] is DENIED as moot.

## I. Background

    In 1999, Beverly Harden applied for a life insurance policy (the "Policy")

insuring the life of Dorothy Courembis by the Defendant, United of Omaha Life

Insurance Company ("United").  (Compl., Ex. A.)  Page 2 of the application lists the

lone "Life Insurance Beneficiary" as "Beverly C. Harden–Trustee."  (Id.)  Page 5 of

the application is signed by "Beverly C. Harden Trustee" in the space designated for "Applicant/Owner/Trustee (if other than Proposed Insured)." (Id.) Dorothy Courembis did not sign the application as "applicant" or "owner." (Id.)

The Policy was issued by United to Harden–not Dorothy Courembis–with an effective date of June 20, 1999. (Compl. ¶ 6.) The "Policyholder" and "Beneficiary" designations on the Policy data sheet state "See Application or Endorsement." (Compl., Ex. A.) The Policy itself defines the owner of the Policy as "the Insured, or if the applicant is other than the Insured, then the applicant." (Compl., Ex. B, at 2.) The Policy defines the beneficiary as that "named in the application." (Id. at 3.) Dorothy Courembis funded the trust (Compl. ¶ 12), but Harden, as trustee, made the premium payments for the Policy. (Compl., Ex. B; Compl. ¶¶ 11-12.)

The insured, Dorothy Courembis, died on April 3, 2008. (Compl. ¶ 13.) On April 7, 2008, United received a claim form, signed by Harden, seeking payment of the Policy proceeds. (Id. at ¶ 15.) Harden was a trustee of two trusts established by Dorothy Courembis: a living trust and an irrevocable trust. (Id. at ¶ 3.) The claim form incorrectly listed the Dorothy Courembis Living Trust as the beneficiary of the Policy when it should have instead listed the irrevocable trust. (Id. at ¶ 16.) Because there was no change of beneficiary for the Policy, United claims specialist and adjuster Kay Subbert looked only to the Policy application to determine the identity

of the Policy beneficiary, which she determined to be Beverly Harden as trustee of the Irrevocable Trust. (Id. at ¶ 24.) Ms. Subbert noticed that there was a difference between the trust identified in the application and the trust identified on the claim form, but did not investigate the discrepancy. (Id. at ¶¶ 26, 28.) On April 23, 2008, Ms. Subbert, on behalf of United, paid the claim by issuing a check to "Beverly Harden, trustee of the Dorothy C. Courembis Trust." (Id. at ¶ 33.) Harden apparently deposited the check into an account held by the Living Trust and absconded with the Policy benefits. (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss, at 7.)

The Plaintiff, John Courembis, is the son of Decedent Dorothy Courembis, and the executor of her estate. (Compl. ¶ 1.) The Plaintiff is also a beneficiary of the Irrevocable Trust, who, under the terms of the trust, is entitled to receive 50% of the proceeds of the Policy. (Compl. ¶ 9.) The Plaintiff has to date received none of the Policy proceeds. (Compl. ¶ 36.) The Plaintiff has filed a separate lawsuit against Harden in the Superior Court of Cobb County, Civil Action File No. 08-1-11504-48, alleging that Harden did not discharge her duties as trustee after United issued payment. This litigation is still ongoing.

The Plaintiff filed the Complaint in the Superior Court of Cobb County on August 22, 2011, and it was removed to this Court on September 27, 2011 [Doc. 1]. Also on September 27, 2011, the Plaintiff moved for partial summary judgment,

apparently with evidence discovered through the separate litigation against Harden [Doc. 2].  On October 4, 2011, United filed this Motion to Dismiss [Doc. 3], which the Court considers before examining the Plaintiff's Motion for Partial Summary Judgment.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice

pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

## III. Discussion

The Plaintiff fails to state a claim for relief. The facts of the Complaint, if true, do not show that United breached the insurance contract. United paid the proceeds to the beneficiary as required by statute. O.C.G.A. § 33-24-41. O.C.G.A. § 33-24-41 provides that once the insurer pays the *person* designated in the policy as being entitled to the proceeds, the insurer is discharged from all claims under the policy. Id. (emphasis added); see also Colonial Life & Accident Ins. Co. v. Heveder, 274 Ga. App. 377, 379 (2005). Before paying Beverly Harden, United did not receive notice that some other person should receive payment, and United had no duty to foresee any negligent or fraudulent acts of Harden. Heveder, 274 Ga. App. at 379-80. Regardless of which trust she was acting on behalf of when she obtained the Policy, Harden, in her capacity as a trustee, was the only beneficiary under the Policy. The Plaintiff does not dispute that regardless of which trust should have been specified in the benefits check, the check was issued to the appropriate person solely in her capacity as a trustee–not to Harden individually. (Compl. ¶¶ 29-33.)

The Plaintiff does not present a compelling argument that because the check did

not say "Beverly Harden, trustee of the Dorothy C. Courembis Irrevocable Trust," but rather said "Beverly Harden, trustee of the Dorothy C. Courembis Trust," that United breached the contract.[1]  The Plaintiff cites no law that the Court finds to support the Plaintiff's argument that the Defendant's check constituted a breach of contract.  And even if the Court were convinced that the check in its perhaps mislabeled form constituted a breach of contract, the Court is unsure how the Plaintiff could contend that United caused his harm.  The check, whether made out to "Beverly Harden, trustee of the Dorothy C. Courembis Irrevocable Trust" or to "Beverly Harden, trustee of the Dorothy C. Courembis Trust," was to be placed in Beverly Harden's care, presenting her with the opportunity to abscond with the money either way.  It was incumbent upon Harden, as trustee, and not United to ensure that the insurance proceeds were applied to the proper trust.  Because United fulfilled its obligations in paying the beneficiary of the Policy, the Court also dismisses the Plaintiff's claims for attorney's fees under O.C.G.A. § 13-6-11 and O.C.G.A. § 33-4-6.

## IV.  <u>Conclusion</u>

---

[1]In its Brief in Response to the Defendant's Motion to Dismiss, the Plaintiff alleges that the check in fact said "Dorothy Courembis Trust c/o Beverly Harden" rather than "Beverly Harden, trustee of the Dorothy C. Courembis Trust."  However, the Plaintiff's own Complaint says that the check was made out to "Beverly Harden, trustee of the Dorothy C. Courembis Trust."  (Compl. ¶ 33.)  Either way, this distinction does not affect the Court's ruling.

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 3]. The Plaintiff's Motion for Partial Summary Judgment [Doc. 2] is DENIED as moot.

SO ORDERED, this 30 day of January, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge